Argued September 20, affirmed November 5, 1971

TEMPLETON, *Respondent, v.* POPE AND
TALBOT, INC., *Appellant.*

490 P2d 205

*Roger R. Warren,* Portland, argued the cause and filed the brief for appellant.

*Raymond Conboy,* Portland, argued the cause for respondent. With him on the brief were Dan O'Leary and Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

The parties agree that the sole issue presented in this workmen's compensation appeal is whether the claimant timely filed a claim for compensation for occupational disease. The relevant statutes are ORS 656.802(1) (a) which defines an occupational disease as:

"Any disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein.",

and ORS 656.807(1) which provides:

"* * * [A]ll occupational disease claims shall be void unless a claim is filed * * * within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease, whichever is later."

The evidence taken at the time of the hearing discloses that the claimant had difficulties with his shoulder and neck for about two years prior to the time he filed his occupational disease claim on February 17, 1970. It also discloses that during this period he had been told by doctors that there was a relationship between his work and his physical difficulties. It fails to disclose any evidence that any doctor at any

time prior to the filing of the claim specifically told him, simply and directly, that his condition arose out of his employment, or anything clearly to that effect.

The statements of the claimant's doctors to him were not sufficient to make the limitations statute, ORS 656.807 (1), commence to run. For a similar case see *Williams v. Dept. Labor & Ind.*, 45 Wash2d 574, 277 P2d 338 (1954), in which the evidence showed that on June 2, 1952, the claimant filed his claim alleging that he had silicosis. He stated that he had been told in May of 1950 that he had silicosis. The Washington statute required that the claim be filed

"'* * * within one year from the date claimant has notice from a physician of his occupational disease.'" 45 Wash2d at 575.

In that case, the Washington Supreme Court said:

"Even when such a cause of action exists, the statute delays the running of the statute of limitations until the workman is given notice by a doctor that his disabling disease is *occupational* in its *nature and causation.* * * *" (Second emphasis supplied.) 45 Wash2d at 576.

The court there held, in effect, that it was not enough that the claimant was told that he had silicosis, but that the record must affirmatively show that he was told further that the silicosis was caused by or arose out of his employment.

The trial judge here correctly decided the issue in favor of the claimant.

Affirmed.