Argued February 19, reversed and remanded with instructions April 5, reconsideration denied May 12, petition for review denied June 15, 1976

GRONQUIST et al, *Respondents - Cross-Appellants,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant - Cross-Respondent.*
(No. 419-742, CA 5302)
547 P2d 1374

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Larry Dawson,* Portland, argued the cause and filed the brief for respondents - cross-appellants.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The sole question in this workmen's compensation case involves interpretation of the statutes governing the time limit for claims arising from the death of a workman due to an occupational disease.

Claimant's husband, who had been an asbestos worker, died June 20, 1972. Upon learning that an autopsy report indicated that her husband died from lung disease caused by asbestos, claimant filed for benefits with her husband's last employer on January 22, 1973. The referee and Workmen's Compensation Board ruled that the claim was barred by the 180-day limitation period stated in ORS 656.807(2). On review the circuit court reversed, interpreting the statutes to provide that claimant had 180 days from receipt of knowledge of her possible claim, rather than 180 days from her husband's death.

The matter was remanded to the referee who, after a hearing on the merits, awarded compensation. The Board and circuit court affirmed on the merits. SAIF appeals from this circuit court judgment, complaining about the circuit court's earlier judgment interpreting the limitation-period statutes.[1]

The relevant statute, ORS 656.807, provides in part:

"(1) * * * [A]ll occupational disease claims shall be void unless a claim is filed * * * within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later.

"(2) If the occupational disease results in death, a claim may be filed within 180 days after the date of death * * *."

The claimant does not argue that the court has the right to ignore the clear directive of a statute — rather, she contends that we may interpret the statute

---

[1] No question has been raised regarding whether SAIF should have appealed the circuit court's earlier judgment at that time.

here involved in the manner which would not bar her claim because the statute is ambiguous and *must be construed.* Having made that point, she does not indicate how she reaches a favorable construction, but, rather, proceeds to say that it would be not only unfair, but unconstitutional to construe the statute contrary to her position. In support of the unfairness argument she cites *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966). Claimant's reliance on *Berry* is misplaced. There the court ruled that a cause of action for malpractice did not accrue and therefore the time for filing a claim did not commence to run until the patient obtained knowledge or reasonably should have obtained knowledge of the injury. In making that ruling the court relied upon the fact that the legislature had "left the matter undetermined." 245 Or at 313. Here we do not note any undetermined matters.

Claimant's constitutional argument is that there is no rational distinction between the rights of a claimant suffering from an occupational disease and the rights of a beneficiary of a workman who has died from an occupational disease—that therefore the Equal Protection Clauses of the state and federal constitutions require the result she seeks. We see a valid distinction. It is often not immediately apparent that a person is suffering from a disease. Death is always apparent.

The language of ORS 656.807(2) is clear. It simply says that a death claim must be filed within 180 days after the date of death and contains no exceptions.

" ' In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted * * *.' " *Gouge v. David et al,* 185 Or 437, 454, 202 P2d 489 (1949), quoting from § 2-216, OCLA (ORS 174.010).

"* * * [T]he court is not authorized to extend the language of the law beyond its natural meaning to accomplish salutary ends, for that would be to legislate and not

to construe." *Union Pac. R. R. Co. v. Anderson,* 167 Or 686, 697, 120 P2d 578 (1941).

But this is not the end of the inquiry. ORS 656.807(4) provides in part:

"The procedure for allowing, denying, processing or closing occupational disease claims shall be the same as provided for accidental injuries under ORS 656.001 to 656.794 * * *."

One of the cross-referenced statutes, ORS 656.265, provides in part:

"(4) Failure to give notice as required by this section bars a claim [for accidental injury] unless:

"* * * * *

"(c) The notice is given within one year after the date of the accident and the workman or his beneficiaries established in a hearing he had good cause for failure to give notice within 30 days after the accident."

Read together, ORS 656.807(4) and 656.265(4)(c) entitle claimant to a hearing on the question of whether or not she had good cause for her failure to file her claim within 180 days. Any other interpretation would have to be based on the conclusion that the legislature intended to deny a surviving spouse with an occupational disease claim the right clearly granted to a surviving spouse with an accidental injury claim. We find nothing in the statutory scheme which warrants such a conclusion.

Reversed and remanded with instructions to remand to the Workmen's Compensation Board for further proceedings consistent with this opinion.