Argued and submitted October 22,
reversed and remanded November 24, 1980

In the Matter of the Compensation of
Raymond Baldwin, Claimant.

BALDWIN,
*Petitioner,*

*v.*

THATCHER CONSTRUCTION CO. et al,
*Respondents.*

(WCB Nos. 78-10-046, 78-7473, CA 17338)

619 P2d 682

422

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Marshall C. Cheney, Portland, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Claimant appeals from an order of the Workers' Compensation Board affirming the referee's denial of his claim on the basis of untimely filing. The issue is whether claimant gave his employer notice of his injury within the 30-day statutory requirement. We reverse.

Claimant had been employed by respondent Thatcher Construction Company as a journeyman carpenter on various jobs, in a regular fashion, since 1970 or 1971. The injury which is the basis of this claim occurred when claimant was employed by respondent to construct an addition to a house in January of 1977. As claimant was trying to raise a 15-foot section of wall into place, it fell on him, injuring his right shoulder. He reported the accident the next day to his employer, who assisted claimant in completing the erection of the wall. After the addition was completed, the employer sent claimant to a job where he used a jackhammer eight hours a day while standing on a scaffold. After a week at this job, claimant was experiencing pain in the injured shoulder and went to see his employer. Claimant reported to him

> "that I was having a problem with my shoulder, and that there was a lot of pain there, that I was having trouble sleeping at night, and that it was bothering me all during the work."

Claimant's employer reportedly told him he already had one worker out on Workers' Compensation and did not need any more. Claimant told him it was not his intention to go on Workers' Compensation, but that he would prefer lighter work. This was in late February, 1977. Claimant's employer then hired him to frame walls on a church. The shoulder continued to give claimant pain.

Claimant went to see Dr. Risser. Risser believed the problem to be biceps tendonitis and referred him to an orthopedic surgeon, Dr. Gambee. Gambee diagnosed the problem as subdeltoid bursitis and gave claimant an injection. Claimant experienced no relief. This treatment was repeated on several occasions. When he continued to receive no relief from the pain, claimant quit his job and ceased work as a carpenter in March of 1977.

In February, 1978, claimant went to see Dr. Cook, another orthopedic surgeon, who also administered injections during February and March, 1978. On October 24, 1978, this claim was filed. The insurance carrier denied the claim on November 1, 1978. That day Dr. Cook referred claimant to Dr. Bird, an orthopedic surgeon at the University of Oregon Medical School. After administering an arthogram, he diagnosed claimant's problem on December 18, 1978, as subluxation of the biceptial tendon. Surgical repair was recommended.

The pertinent sections of ORS 656.265, which governs timeliness of filing of a Workers' Compensation claim, are as follows:

"(1)  Notice of an accident resulting in an injury or death shall be given immediately by the worker or his dependent to the employer, but not later than 30 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2)  The notice need not be in any particular form. However, it shall be in writing and shall apprise the employer when and where and how an injury has occurred to a worker. A report or statement secured from a worker, or from his doctor and signed by the worker, concerning an accident which may involve a compensable injury shall be considered notice from the worker and the employer shall forthwith furnish the worker a copy of any such report or statement.

"* * * * *

"(4)  Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a)  The contributing employer or direct responsibility employer had knowledge of the injury or death, or the corporation or direct responsibility employer has not been prejudiced by failure to receive the notice; or

"(b)  The corporation or direct responsibility employer has begun payments as required under ORS 656.001 to 656.794; or

"(c)  The notice is given within one year after the date of the accident and the worker or his beneficiaries establish in a hearing he had good cause for failure to give notice within 30 days after the accident."

■ The provisions of this statute are disjunctive; a claim will not be barred for untimeliness if any one of the conditions in subsection (4) is satisfied. *Widener v. Louisiana Pacific Corp.,* 40 Or App 3, 594 P2d 832 *rev den* (1979). The referee denied the claim because he found the employer's knowledge of the accident was not the equivalent of knowledge of a claim and because the notice must, in any event, be filed within one year of the injury. This analysis is not correct.

■■ The employer knew of the injury to claimant's shoulder the day after it occurred. Approximately a month later, claimant told his employer he was still experiencing pain and his employer discouraged him from filing a claim for Workers' Compensation. Our decision in *Summit v. Weyerhaeuser,* 25 Or App 851, 551 P2d 490 (1976), and the language of the statute itself make it clear that 656.265(4)(a) does not require the employer's knowledge of a claim, but knowledge of an injury. It was sufficient that the employer knew the claimant had suffered an injury on the job, even though he had good reason to believe no claim would be filed. *Summit v. Weyerhaeuser, supra,* at 857; *see Bebout v. SAIF,* 22 Or App 1, 537 P2d 564 (1975). Because claimant has shown the direct responsibility employer had knowledge of the injury, his claim is not barred under ORS 656.265(1) ·for failure to provide written notice within 30 days.

■■ ·Claimant is not, in addition, required to show the employer was not prejudiced by failure to file a notice within 30 days of the injury. The provisions in ORS 656.265(4)(a) are also disjunctive. Since the employer had knowledge of the injury, it is not material whether he was prejudiced by the actual filing date.

■■ The referee found that the language in ORS 656.265(4)(c) requires claimant to file a formal notice within one year of the injury. We find the statutory provision requiring a filing within one year to be conjunctive with the requirement that claimant must show good cause for the delay in filing. If claimant were relying on the good cause provision, then the one year provision would have to be met. Claimant here was not.arguing good cause for delay

but was proceeding under another section of the statute altogether. His written notice was thus not required to be filed within a year.

Reversed and remanded.