Argued and submitted April 11, reversed and remanded
with instructions August 29, reconsideration denied October 12,
petition for review denied November 20, 1984 (298 Or 238)

In the Matter of the Compensation
of Maxine P. Robinson, Claimant.

## ROBINSON,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND
## CORPORATION,
*Respondent.*

(81-10158 & 82-05121; CA A29585)

686 P2d 1053

Christopher D. Moore, Eugene, argued the cause for petitioner. With him on the brief were Evohl F. Malagon and Malagon & Associates, Eugene.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals from an order of the Workers' Compensation Board that reversed the referee's decision that her claim was timely filed and compensable. The Board found that the claim was not timely filed and therefore did not consider the merits of her claim. We reverse on the timeliness issue and remand to the Board for consideration of compensability.

Claimant began work as a salesperson for Struther's Furniture in March, 1975. In the spring of 1978, she began to experience chronic fatigue. She continued working for Struther's until she was laid off in November, 1978. In early 1979, she began working for Adamson's Furniture. Her fatigue continued, and she also began to have "dizzy spells." Because of those health problems, she terminated her employment with Adamson's after a few months. She filed this claim against both Struther's and Adamson's for worker's compensation benefits on September 24, 1981.[1] SAIF asserts in its brief that Struther's was bankrupt and out of business at that time.

Claimant's theory of compensability is that she has an occupational disease caused by her becoming sensitized to certain substances to which she was exposed in her work environment.[2]

We determine only the threshold issue of whether claimant's claim was timely filed. ORS 656.807 provides, in part:

"[A]ll occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer within five years after the last exposure in employment subject to the

---

[1] SAIF had insured both Struther's and Adamson's. It denied the claim on behalf of both. The referee reversed Struther's denial and affirmed Adamson's. SAIF requested Board review of the referee's order as to Struthers; claimant did not request review of the order affirming Adamson's denial.

[2] Claimant's contends that particular substances known to be present in synthetic fibers, including phenol, hydrocarbon and formaldehyde, were released in large quantities into her work environment, especially when new furniture began a "gassing out" process upon being uncrated in the store showroom. Although claimant acknowledges that those substances are ubiquitous in the general environment, her hypothesis is that the unusually high concentration of them in her work place, coupled with poor ventilation, caused her sensitization and resultant health problems. We express no opinion on the merits of this claim.

Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease whichever is later."

The date of claimant's disability is mid-1979, when she terminated her employment with Adamson's, her second employer. The parties agree that the date when she was "informed by a physician that [she was] suffering from an occupational disease" occurred later, although they disagree as to which of two dates applies.

■      To make the limitations statute commence to run, a claimant must be told in clear language that the condition arose out of the employment. *Johnson v. SAIF,* 53 Or App 627, 631-33, 633 P2d 17 (1981), *modified* 55 Or App 638, 639 P2d 137, *rev den* 293 Or 103 (1982); *Templeton v. Pope and Talbot, Inc.,* 7 Or App 119, 120-21, 490 P2d 205 (1971). SAIF argues that statements of claimant's physician, Dr. Gambee, on June 30, 1982, rose to that level. Dr. Gambee stated:

> "On June 30, 1980, after we had done some testing on [claimant], I discussed with her the fact that she had a higher than normal degree of sensitivity to certain chemicals in our environment. I also explained to her that her working environment contained an even higher than normal concentration of these substances. Because of these conditions, I felt that she might have difficulty overcoming some of her health complaints if she continued to work in that environment."

Claimant argues that she was not told of the work connection to her disease with a sufficient degree of precision until March 12, 1981, when Dr. Gambee wrote to her attorney:

> "Since the work environment that [claimant] described to me, consisting of synthetic fabrics, furniture using particle board, poorly ventilated, no air conditioning, and uncomfortably warm, would all contribute to the gassing out process, then I would think that her environment could well be one in which one would become sensitized to chemicals."

If April 30, 1980, is deemed to be the date claimant received notice that her disease was occupational in nature, her claim was not filed until more than nine months after the 180 day limitation. If March 12, 1981, is deemed to be that

date, her claim was filed 16 days after the limitation period. SAIF's primary argument is that, regardless of which date applies, the claim is void under the literal language of ORS 656.807(1) because it was not filed within the statutory period. We disagree.

■ ■   ORS 656.807(1) cannot be viewed in isolation, but must be considered in the context of the statutory scheme. ORS 656.807(5) states: "The procedure for processing occupational disease claims shall be the same as provided for accidental injuries under ORS 656.001 to 656.794." Under ORS 656.265(4)(a), one of the referenced statutes, an injured worker's failure to provide timely notice is excused if: "The employer had knowledge of the injury or death, or the insurer or self-insured employer *has not been prejudiced by failure to receive the notice * * *.*" (Emphasis supplied.) That exception was extended to occupational disease claimants by the Supreme Court in *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 347, 605 P2d 1175 (1980). *See also Gronquist v. SAIF,* 25 Or App 27, 31, 547 P2d 1374, *rev den* (1976). Accordingly, SAIF may not prevail on a timeliness defense under ORS 656.807(1) unless it has been prejudiced by claimant's late filing.

The burden of proving prejudice from an untimely notice is on SAIF. *See Inkley v. Forest Fiber Products Co., supra,* 288 Or at 348; *Satterfield v. Compensation Dept.,* 1 Or App 524, 465 P2d 239 (1970). To bar a claim, that prejudice must have occurred *after* the 180 days to which a worker is statutorily entitled. *McNett v. Roy-Ladd Const. Co.,* 46 Or App 601, 605, 613 P2d 47, *rev den* 289 Or 588 (1980). In this case, SAIF's claim of prejudice is that, because the employer was bankrupt and out of business by the time claimant filed her claim, it had no opportunity to perform chemical density tests at the alleged exposure site to compare to nonemployment related exposures or "to otherwise adequately investigate the claim." We are not persuaded.

The record is silent as to the time of the employer's bankruptcy; even assuming, without deciding, that Dr. Gambee's conversation with claimant in April, 1980, started the running of the statutory limitation period, SAIF has failed to show that Struther's went out of business more than 180

days after that date.[3] It has not shown that it was otherwise hampered in its investigation by claimant's delay in filing her claim, and we find nothing in the record from which to infer prejudice from the passage of time alone. *See Satterfield v. Compensation Dept., supra,* 1 Or App at 528. We hold that SAIF has failed to carry its burden of proving prejudice, and we reverse the Board's order holding that claimant's occupational disease claim was barred for lack of timeliness. Because the Board did not consider the merits of the claim, we remand for consideration of compensability.

Reversed and remanded to the Board for determination of compensability.

---

[3] Because SAIF has not shown any specific prejudicial event, we need not decide which of Dr. Gambee's two reported communications with claimant commenced the running of the statutory period.