Submitted on record and briefs July 13, affirmed in part, reversed and remanded in part November 28, 1984, reconsideration denied February 15, petition for review denied April 30, 1985 (299 Or 118)

In the Matter of the Compensation
of Ruth B. Hayes-Godt, Claimant.

## HAYES-GODT,
*Petitioner,*

*v.*

## SCOTT WETZEL SERVICES et al,
*Respondents.*

(81-08445 82-11751; CA A30662)

691 P2d 919

David G. Cromwell, and Cromwell & Hess, Grants Pass, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., and Donna Parton Garaventa, Assistant Attorney General, Salem, filed the brief for respondent SAIF Corporation.

Jack R. Bird, and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, Medford, filed the brief for respondent Scott Wetzel Services.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant appeals an order of the Workers' Compensation Board which affirmed the referee's order that claimant does not have a valid aggravation claim against Scott Wetzel Services and is barred from recovery against SAIF because she did not timely file her claim. We affirm as to Scott Wetzel and reverse as to SAIF.

Claimant was initially injured on March 15, 1980, while working in the bakery of Safeway Stores, Inc. (Scott Wetzel), when she fell and sustained a fractured left wrist. The wrist did not heal properly and eventually required surgery. She returned to work on July 14, 1980, with no restrictions. Dr. Potter noted at that time that she had no residual problems except a minor limitation of motion which should resolve itself in a few weeks. A determination order was issued in August, 1980, awarding no permanent partial disability. She left her employment at Safeway for unspecified reasons in December, 1980.

On March 25, 1981, claimant began working for Dr. Graham, a chiropractor. Although still wearing a small bandage on her wrist, she was not then undergoing any treatment. Dr. Graham used the business name Gralo Management Corporation and was insured by SAIF. Claimant did physiotherapy work with a sound wave instrument, which she was required to hold in her left hand and move with a good deal of pressure in a circular motion for 20 to 25 minutes per patient. She treated approximately 17 patients a day.

In June, 1981, claimant took a two week vacation. While she was gone, her patients complained to Dr. Graham that she was not using enough pressure during the treatments. When claimant returned, she attempted to use more pressure and her hand began to bother her. On July 7 or 9, 1981, Dr. Graham attempted to train claimant to do x-ray work. She found that she was unable to squeeze her fingers together as required to pin x-rays to the frame. Thereafter she went back to Dr. Pons, who had first treated her in August, 1980. He noted a slight wrist swelling, but normal x-rays. Nerve conduction studies showed a carpal tunnel syndrome in the wrist. Dr. Pons stated in several reports that he believed that claimant's work for Dr. Graham materially contributed to her complaints. He noted that the earlier fracture had made her

more susceptible to carpal tunnel syndrome and stated that there was a possibility that her current condition was an aggravation of her earlier condition. Dr. Embick reviewed the file and stated that it was impossible to rule out the fracture entirely as a secondary cause of the syndrome. Claimant left her employment with Dr. Graham in mid-August, 1981.

She initially filed a claim against Scott Wetzel, which denied her claim on September 1, 1981. On April 30, 1982, she attempted to file a claim with Dr. Graham, but he refused to fill out his portion of the claim and refused to file it until July 9, 1982. SAIF denied the claim on August 10, 1982. At the time of the hearing claimant had not undergone surgery for the syndrome.

■       Claimant initially asserts that the Board was wrong in holding that SAIF and not Scott Wetzel is the responsible insurer. The issue is whether claimant has suffered an aggravation of her initial injury (for which Scott Wetzel is responsible) or a new occupational disease (for which SAIF is responsible). This is not a case in which either the last injurious exposure rule for an occupational disease or the successive injury rule applies. The medical evidence establishes that, although claimant's fracture may have made her susceptible to carpal tunnel syndrome, it did not cause that condition. The carpal tunnel syndrome occupational disease is a separate condition. Dr. Pons, who initially saw claimant when the fracture was resolving, seven months before she went to work for Dr. Graham, and whom claimant later consulted for the syndrome, repeatedly concluded that the syndrome is causally related to her work for Dr. Graham. The other medical evidence suggests only a *possibility* that the original injury could have caused the syndrome, and that is insufficient to establish causation related to the fracture. SAIF is the responsible employer for claimant's compensable condition.

■       Claimant next assigns as error the determination that her claim against SAIF is barred by the fact that she did not file her claim until over nine months after she was first aware of the injury. Occupational disease claims must be made within 180 days from the date a claimant becomes disabled or is informed by a physician that she is suffering from an

occupational disease, whichever is later. ORS 656.807(1).[1] Failure to make a claim within the 180 days bars the claim unless one of the factors in ORS 656.265(4) exists.[2] The provisions applicable to this case are contained in ORS 656.265(4)(a):

> "The employer had knowledge of the injury or death, or the insurer or self-insured employer has not been prejudiced by failure to receive the notice."

Those requirements are stated disjunctively, and a claimant is only required to establish one in order to avoid having a claim barred. We conclude that the employer had knowledge of the injury and that the claim was not barred. *See Baldwin v. Thatcher Construction,* 49 Or App 421, 425, 619 P2d 682 (1980).

■■ In order to establish employer knowledge a claimant need not establish that the employer knew of the *claim,* but only that the employer knew of the *injury,* even if the employer had good reason to believe that no claim would ever be filed. *Baldwin v. Thatcher Construction, supra,* 49 Or App at 425. If the employer has knowledge of the injury, a claim is not barred, even if the employer was prejudiced by late filing of the claim. *Baldwin v. Thatcher Construction, supra,* 49 Or App at 425-26.

■ In this case it is evident that claimant's employer, Dr. Graham, had as much knowledge as did claimant. He was

---

[1] ORS 656.807(1) provides:

> "(1) Except as otherwise limited for silicosis, asbestosis and asbestos-related diseases, all occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease whichever is later."

[2] SAIF argues at some length that ORS 656.265(4) is not applicable to occupational disease claims, because the statute was amended in 1973 after this court's decision in *Gronquist v. SAIF,* 25 Or App 27, 547 P2d 1374, *rev den* (1976). We decline to accept the argument implied by SAIF that the Supreme Court blindly relied on our earlier decision in *Gronquist* and did not consider the changes in the statute when it held in *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 347, 605 P2d 1175 (1980), that ORS 656.265(4) is applicable to occupational diseases. We concur in the Supreme Court's conclusion: "We can think of no reason to deny occupational disease claimants the same excuses for late or deficient filing as are available to injured workers under the Workers' Compensation law." 288 Or at 347. *See Robinson v. SAIF,* 69 Or App 535, 686 P2d 1053 (1984).

aware of claimant's preexisting injury. Indeed, when she first applied for work she still had a bandage from the earlier fracture on her wrist. He was certainly aware of the work which she was performing, for he was her only supervisor. He was aware almost immediately when claimant determined that her wrist condition would not permit her to put x-rays on a screen. Although Dr. Graham believed that no claim would be made against him and noted on the 801 form that he believed that her problems were all related to her earlier employment, he was aware of the work that claimant was doing and of the fact that she was hurting. Because of his professional training, he must have been aware that the kind of work that claimant was doing could have been a cause of her carpal tunnel syndrome. We therefore hold that the employer was aware of the injury in this case, and claimant is not barred by her failure to make her claim within 180 days.[3]

Affirmed as to Scott Wetzel; reversed and remanded for acceptance of the occupational disease claim as to SAIF.

---

[3] Although not necessary for our decision, we note an alternative ground for finding that claimant is not time barred: lack of employer prejudice from the late filing. The burden of proving prejudice is on the employer. *Inkley v. Forest Fiber Products Co.,* 288 Or at 348. Prejudice can result from the passage of time, if the evidence shows that witnesses have become unavailable, that memories have dimmed, that prompt medical attention could have reduced the consequences of the injury or that the employer is otherwise seriously disadvantaged in some manner. *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 601 P2d 1265 (1979). The mere facts that some time has passed and that the employer claims that it has been prejudiced is not sufficient. *Raifsnider v. Cavemen Industries Inc.,* 55 Or App 780, 639 P2d 1298 (1982); *Higgins v. Med. Research Foundation,* 48 Or App 29, 615 P2d 1192 (1980). The only evidence of prejudice here, which is not specific, was insufficient.