Argued and submitted September 2, reversed and remanded to Board for
determination of compensability October 7, 1987

In the Matter of the Compensation of
David D. Grimes, Claimant.

GRIMES,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 85-00302; CA A41877)

743 P2d 757

Charles E. Lundeen, Portland, argued the cause for petitioner. With him on the brief was William H. Skalak & Associates, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order reversing a referee's order which held that his claim was timely filed and compensable. The Board held that the claim was not timely under ORS 656.265(4) and, therefore, did not reach the issue of compensability. On *de novo* review, we reverse and remand.

In August, 1984, claimant was injured at a construction site when the structural steel he was standing on suddenly dropped six to twelve inches and he received a strong jolt. He described the impact as follows: "[I]t felt like I pulled a muscle in my neck." He did not report the event and did not seek medical treatment at that time. About two weeks later,[1] when his symptoms had not subsided, he went to his doctor at Kaiser Permanente on August 16. The initial diagnosis was muscle strain in the neck and shoulder with spasms. Although his neck remained stiff, he continued to work. Fletcher, claimant's co-worker, testified that claimant could hardly move his neck and walked around "like a robot."

Claimant's symptoms gradually worsened during the fall of 1984. On November 26, he returned to Kaiser and was diagnosed as having chronic cervical strain. On November 29, he sought treatment at Western States Chiropractic College. By that time, he had also developed numbness in his right thumb and palm and pain in his right arm. On December 3, he returned to Kaiser. Dr. Tahir, a neurosurgeon, suspected cervical disc involvement and performed a myelogram and diagnosed a herniated disc. On December 11, Tahir performed a cervical hemilaminectomy and discectomy.

On December 6, claimant called employer and reported that he was undergoing medical treatment for a neck injury that had occurred on the job in August. On December 12, he filed a claim. Employer signed the 801 form on December 18. SAIF denied the claim on December 28.

Claimant requested a hearing. He testified that he did not report the injury to his supervisor, because he felt that it was relatively minor and because he had medical coverage through the carpenter's union. He also testified that he feared

---

[1] Claimant did not remember the exact date of his injury.

losing his job if he filed a claim, because his previous employer had told him that the industry as a whole looked down on anyone filing a compensation claim and that an employe might lose his job for filing. Claimant's supervisor reported that most employes do not file claims for minor scrapes and bruises.

The referee found claimant's testimony credible and also found Fletcher's testimony regarding claimant's inability to move his neck credible. He found that claimant had sustained a compensable injury in August, 1984, that employer was not prejudiced by the late filing and that claimant had good cause for filing late, because of his concern for keeping his job. The referee concluded that the claim was not time-barred.

The Board reversed, holding that the insurer was prejudiced by claimant's failure to file timely, because it was unable to investigate the accident scene and to conduct an independent medical examination to determine whether the surgery that had been performed was necessary. It also held that there was no conduct by employer that would have given claimant a reasonable basis to believe that his job would be in jeopardy and, therefore, that he did not have good cause for filing late.

■    ORS 656.265 provides, in relevant part:

"(1)    Notice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer, but not later than 30 days after the accident. * * *

"* * * * *

"(4)    Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a)    The employer had knowledge of the injury or death, or the insurer or self-insured employer has not been prejudiced by failure to receive the notice; or

"* * * * *

"(c)    The notice is given within one year after the date of the accident and the worker or beneficiaries of the worker establish in a hearing that the worker had good cause for failure to give the notice within 30 days after the accident."

A claim made later than 30 days after an injury will not be held

to be untimely if there is no prejudice to the employer *or* if the claimant demonstrates good cause for late filing. *Baldwin v. Thatcher Construction,* 49 Or App 421, 619 P2d 682 (1980).

Claimant contends that the Board erred in concluding that employer was prejudiced. He argues that, even if he had filed within 30 days, employer would not have been able to investigate the accident scene, because the job site had been significantly altered during the 30 days after he was injured. He also argues that employer was able to contact Fletcher, the witness, and that no investigation was conducted until after he requested a hearing. Finally, he argues that all the medical information that SAIF needed was available to it and that, because he was suffering rapidly worsening symptoms, it was medically proper for the doctor to go ahead with the surgery.

An insurer or self-insured employer bears the burden of proving that there has been prejudice from an untimely filing. *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 348, 605 P2d 1175 (1980); *Raifsnider v. Caveman Industries, Inc.,* 55 Or App 780, 639 P2d 1298 (1982). The passage of time is not itself sufficient to show prejudice; the employer must prove some actual prejudice. *Ford v. SAIF,* 71 Or App 825, 693 P2d 1339, *rev den* 299 Or 118 (1985). Further, to bar a claim, the prejudice must have occurred after the period of time in which a worker is statutorily entitled to file a claim. *McNett v. Roy-Ladd Const. Co.,* 46 Or App 601, 605, 613 P2d 47, *rev den* 289 Or 588 (1980).

We agree with claimant that employer was not prejudiced by its inability to investigate the accident scene. During the month of August, the area in which he was injured was encased in concrete. Thus, even if he had reported within the statutory 30-day period, employer could not have investigated the rebar on which he was standing at the time when he was injured. Claimant cannot be held responsible for changes that occurred within the period during which he was statutorily entitled to file a claim. Employer's inability to conduct an independent medical investigation to determine whether the surgery was necessary has nothing to do with the *compensability* of the claim. Therefore employer was not prejudiced.

Reversed; remanded to the Board for determination of compensability.