Argued and submitted February 8, 1988, reversed on petition and affirmed on cross-petition January 25, reconsideration denied April 28, petition for review denied May 31, 1989 (308 Or 79)

In the Matter of the Compensation of
Wallace W. Mock, Claimant.

ARGONAUT INSURANCE COMPANY et al,
*Petitioners - Cross-Respondents,*

*v.*

MOCK,
*Respondent - Cross-Respondent,*

*and*

FRED MEYER, INC.,
*Respondent - Cross-Petitioner.*

(WCB 84-04915, 84-06463; CA A41801)

768 P2d 401

Allen W. Lyons, Portland, argued the cause for petitioners - cross-respondents. With him on the brief was Davis, Bostwick, Scheminske & Lyons, Portland.

James L. Edmunson, Eugene, argued the cause for respondent - cross-respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Bruce L. Byerly, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Moscato & Byerly, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J.

## RICHARDSON, P. J.

This is a workers' compensation case in which claimant seeks benefits for injuries that he sustained in an automobile accident in 1981 while he was employed by Progress Quarries (Progress). The claim for those injuries was not filed until 1984. Progress denied the claim on the ground that it was not timely and that, in any event, the injuries were not work related. Claimant also filed an aggravation claim with Fred Meyer, Inc., a previous employer, for the same injuries. The referee's decision, which was adopted by the Board, held that claimant sustained a compensable injury in 1981 and that the claim against Progress was timely.

Progress seeks review, contending that the claim is untimely and is not compensable. It also seeks dismissal of the claim because of alleged discovery violations. Fred Meyer cross-petitions for review, arguing that, in the event that we find that the claim is not compensable, the injuries sustained while it employed claimant did not materially contribute to his condition after the 1981 automobile accident and, therefore, it is not responsible for further medical treatment. Our review is *de novo*. We conclude that the claim was not timely filed against Progress. We affirm on Fred Meyer's cross-petition.

Claimant sustained compensable neck injuries in 1970 and again in 1971, while employed by Fred Meyer. In 1977, he began working for Progress as an oiler on a rock-crusher. In 1978, he experienced increased pain in his neck, arm and shoulder. He filed an aggravation claim against Fred Meyer, which was settled by a disputed claim settlement.

In January, 1981, claimant, who lived in Oregon, was working at Progress' Camas, Washington, plant and was commuting to work each day. On January 9, 1981, he was involved in an automobile accident in Vancouver, Washington, on his way to work. He was taken to the hospital and released that day after examination. He had complaints of neck and shoulder pain and knee abrasions. He did not file a workers' compensation claim but hired an attorney and filed an action against the other driver involved in the accident. That action was settled in December, 1981, for $50,000.

Claimant did not return to work at Progress after the

accident but worked in California and later in Oregon for another rock crushing company. In February, 1984, he filed an aggravation claim with Fred Meyer, which it denied in April on the ground that aggravation rights for the injuries at Fred Meyer had expired and that there had been an intervening automobile accident.

Claimant also filed a workers' compensation claim with Progress for injuries received in the motor vehicle accident. In the claim, he said that, on his way to work in Camas, he had stopped at Progress' Beaverton plant to pick up some parts for the rock crusher in Camas and that the accident occurred on his way to deliver the parts. Progress' comptroller questioned the claim on the ground that claimant did not normally pick up and deliver parts. The claim was denied by Argonaut Insurance Company, Progress' insurance carrier, on the ground that it was untimely and not compensable.

ORS 656.265(1) requires that notice of an accident resulting in an injury be given to the employer within 30 days. ORS 656.265(4) provides:

> "Failure to give notice as required by this section bars a claim under [the workers' compensation act] unless:

> "(a) The employer had knowledge of the injury or death, or the insurer or self-insured employer has not been prejudiced by failure to receive the notice * * *."

The two requirements of subsection (a) to excuse late filing of a notice of accident are stated in the disjunctive—knowledge *or* lack of prejudice. One or the other must exist to avoid a claim being barred. If the employer had knowledge of the injury, the claim is not barred, even if the employer was prejudiced by the late filing of the claim. *Hayes-Godt v. Scott Wetzel Services,* 71 Or App 175, 691 P2d 919 (1984), *rev den* 299 Or 118 (1985). Claimant has the burden of proving that employer had knowledge of the injury, *Baldwin v. Thatcher Construction,* 49 Or App 421, 619 P2d 682 (1980), but employer has the burden of establishing that it was prejudiced by the delay. *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 605 P2d 1175 (1980). Only if we conclude that Progress did not have the requisite knowledge do we need to address the question of prejudice.

There is no question but that Progress knew that

claimant was injured in an automobile accident on his way to work. Injuries sustained while commuting to and from work are ordinarily not compensable. The issue is what knowledge will excuse an otherwise untimely notice. In *Colvin v. Industrial Indemnity,* 301 Or 743, 747, 725 P2d 356 (1986), the court said:

> "Timely notice, 'facilitates prompt investigation and diagnosis of the injury. It assures the opportunity to make an accurate record of the occurrence, and decreases the chance for confusion due to intervening or nonemployment-related causes.' *Vandre v. Weyerhaeuser Co.,* 42 Or App 705, 709, 601 P2d 1265 (1979)."

It follows that the "knowledge of the injury" must be sufficient reasonably to meet the purposes of prompt notice of an industrial accident or injury. If an employer is aware that a worker has an injury without having any knowledge of how it occurred in relation to the employment, there is no reason for the employer to investigate or to meet its responsibilities under the Workers' Compensation Act. Actual knowledge by the employer need not include detailed elements of the occurrence necessary to determine coverage under the act. However, knowledge of the injury should include enough facts as to lead a reasonable employer to conclude that workers' compensation liability is a possibility and that further investigation is appropriate.

*Hayes-Godt v. Scott Wetzel Services, supra,* cited by claimant for his argument that knowledge of the *injury* alone is sufficient, illustrates that point. We said that the claimant did not have to establish knowledge of the *claim* but only that the employer knew of the injury. We discussed the type of knowledge the employer, a chiropractor, had about the claimant's carpel tunnel syndrome and the possible work causes. We noted that the employer knew that the claimant had a preexisting injury to her wrist and that she was having problems doing the physical tasks required of her at work. We concluded that, because of his professional training, the doctor must have been aware that her work activities could have been a cause of the carpel tunnel syndrome.

In *Baldwin v. Thatcher Construction, supra,* which involved a question of the employer's knowledge, we noted that the employer knew that the claimant was injured while

trying to raise a wall on the job site. The employer had discouraged him from filing a claim, and he agreed that he would not. We said:

"[ORS] 656.265(4)(a) does not require the employer's knowledge of a claim, but knowledge of an injury. It was sufficient that the employer knew the claimant had suffered an injury on the job." 49 Or App at 425.

*See also Colvin v. Industrial Indemnity, supra; Golden West Homes v. Hammett,* 82 Or App 63, 727 P2d 155 (1986); *Summit v. Weyerhaeuser Company,* 25 Or App 851, 551 P2d 490, *rev den* (1976).

■■ The comptroller at Progress knew that claimant had been injured in an automobile accident by the day after it happened. He testified that he had no reason to conclude that it was work connected until claimant filed the claim in 1984. It was not claimant's ordinary function to pick up parts in Beaverton and transport them to the job site. Claimant did not recall telling anyone about the circumstances of the accident at the time or that he was delivering parts. Frank Clark, claimant's brother-in-law, who was Progress' general manager, was on vacation at the time of the accident and was fired on his return to work. Although he was told about the accident while on vacation, he did not recall when he became aware that claimant had been transporting machinery parts. He knew that claimant did, on occasion, pick up parts. The knowledge of a person in a supervisory capacity can be imputed to the employer. *Colvin v. Industrial Indemnity, supra.* However, in this instance, we conclude that, even if Clark was aware that claimant may have been transporting parts at the time of the accident, that knowledge was not available to employer. We conclude that claimant has not proved that Progress had sufficient knowledge of the relationship of his injuries to his employment to excuse the late filing of notice under ORS 656.265(1).

■■ ORS 656.265(4)(a) would still excuse the untimely filing of the claim, despite Progress' lack of knowledge, if it or its insurer was not prejudiced by the lack of notice or knowledge. The employer or carrier must show actual prejudice and not merely the passage of time. *Grimes v. SAIF,* 87 Or App 597, 743 P2d 757 (1987). However, the passage of time may have an impact on the ability to make a timely investigation or

to seek current medical treatment and examinations. A primary issue in this case is whether claimant was in fact transporting parts for employer. A secondary issue is the extent of his injuries, the relationship of them to his previous injuries and whether his employment after the 1981 accident had any effect on his present condition. Progress was unable to conduct an investigation of whether claimant was in the course and scope of his employment or to have him examined by a physician of its choosing. It is clear from the hearing that the passage of three years had dimmed the memory of witnesses and had obscured the relationship of claimant's injuries while employed by Fred Meyer and the effect of his employment after the accident on his present condition. Additionally, as Progress points out, it was unable to participate under ORS 656.587 in the settlement that claimant obtained from the other driver involved in the accident.

We conclude that Progress has established that it was sufficiently prejudiced by the delay that claimant's late filing of the claim is not excused. Progress' denial based on the untimely filing of the claim is upheld.

Because we conclude that the claim against Progress was untimely, we do not address the claim of error relating to discovery. Also because we find that claimant suffered a new injury while employed at Progress, we conclude that Fred Meyer is not responsible for claimant's medical expenses.

 Progress agrees that, if claimant was transporting spare parts, then the injuries from the ensuing accident were within the course and scope of his employment by Progress. It disputes that claimant had picked up parts on that day. The referee made specific findings regarding the credibility of witnesses for claimant and concluded that he was delivering the parts when the accident occurred. It is not necessary to detail the evidence. We have no basis for making a different credibility finding as to any witness. We conclude, as did the referee, that claimant was in the course and scope of his employment when he was involved in the automobile accident and that his present condition is the result of a new injury.

In summary, the claim against Progress is untimely, and the Board erred in reversing its denial. Claimant's present condition for which he sought compensation is the result of a new injury, for which Fred Meyer has no responsibility.

Reversed on petition; affirmed on cross-petition.