In the Matter of the Compensation of
Wallace W. Mock, Claimant.

ARGONAUT INSURANCE COMPANY et al,
*Petitioners,*

*v.*

MOCK,
*Respondent.*

(WCB 85-14684; CA A44665)

768 P2d 406

Allen W. Lyons, Portland, argued the cause for petitioners. With him on the brief was Davis, Bostwick, Scheminske & Lyons, Portland.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J.

## RICHARDSON, P. J.

In this workers' compensation case, employer and its insurer seek review of an award of penalties and attorney fees for failure to pay compensation ordered by a referee. *See Argonaut Ins. Co. v. Mock (A41801),* 95 Or App 1, 768 P2d 401 (1989). The petition for review was filed before July 20, 1987, and our review is *de novo. Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988). We affirm.

On January 9, 1981, claimant sustained injuries in an automobile accident while driving to work. He did not file a workers' compensation claim but began an action against the driver of the other vehicle. That action was settled for $50,000. In April, 1984, he filed a claim against Progress, contending that he was delivering machine parts for it when the accident happened and, consequently, that the injuries sustained in the automobile accident were compensable. Argonaut denied the claim. Claimant sought a hearing, and the referee concluded that the injuries were compensable and ordered petitioners to pay temporary total disability. Petitioners did not pay the compensation but told claimant that it would credit 50 percent of the amount that he had received in settlement of the action against his compensation award.

Claimant challenged the refusal to pay the compensation and requested penalties and attorney fees. Employer contended before the referee and the Board and on review in this court that, because it did not have a chance to participate in the third-party action and settlement, it is entitled to a credit for amounts that it would have obtained from the settlement under ORS 656.593. The referee held that, even if employer was entitled to share in the settlement, it was not entitled to recover that share by unilaterally setting off the claim against claimant's benefits. The Board adopted the opinion of the referee.

Employer first contends that the referee did not have jurisdiction to consider the proposed setoff, because it concerned the distribution of the proceeds of a third-party action, which is within the jurisdiction of the Board only under ORS 656.593(3). The issue presented to the referee was whether employer could collect what it considered to be its share of the settlement by setting off compensation owed to claimant. That was a "matter concerning a claim," which was within the

referee's jurisdiction. *Former* ORS 656.708(3). The question whether employer was entitled to any portion of the settlement was not before the referee.

■    Alternatively, employer argues that penalties and attorney fees are not justified, because it is entitled to a portion of the third-party settlement. The "credit" was a reduction of claimant's compensation benefits and was not authorized. *See Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983). Employer's unilateral act constituted an unreasonable refusal to pay compensation.

Affirmed.