Argued and submitted January 22, affirmed March 20, 1991

In the Matter of the Compensation of
Duane B. Meeker, Claimant.
LIBERTY NORTHWEST
INSURANCE CORPORATION
and Cornell Pump Company,
*Petitioners,*

*v.*

Duane B. MEEKER,
American International Adjustment Company (AIAC),
Hartford Insurance Company, Wausau Insurance Company,
and Insurance Company of North America (INA),
*Respondents.*

(WCB Nos. 87-15341 & 87-02651; CA A63571)

807 P2d 342

Stafford J. Hazelett, Portland, argued the cause and filed the brief for petitioners.

Nelson R. Hall, Portland, argued the cause for respondent Meeker. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Craig A. Staples, Portland, argued the cause for respondent American International Adjustment Company (AIAC). With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

William D. Peek and Schwabe, Williamson & Wyatt, Portland, and Matthew K. Rossman, Stephen R. Frank and Tooze, Shenker, Holloway & Duden, Portland, filed the brief for respondents Insurance Company of North America and Hartford Insurance Company.

David O. Horne, Portland, filed the brief for respondent Wausau Insurance Company.

Before Buttler, Presiding Judge, and Richardson and De Muniz, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

The only question that we address in this workers' compensation review is whether claimant timely filed his occupational disease claim. The Board held that he did, and we affirm.

At the relevant time, ORS 656.807(1) provided, in part, that

> "[a]ll occupational disease claims shall be * * * filed * * * within 180 days from the date the claimant becomes disabled *or is informed by a physician that he is suffering from an occupational disease* whichever is later." (Emphasis supplied.)

Medical reports have shown since 1984 that claimant suffers from degenerative back disease. In 1986, at a hearing to determine the extent of disability due to a work related injury, claimant argued that disability from the degenerative condition should be considered. The referee held otherwise, because he found that the disease had not been worsened by the injury. The first medical report to link claimant's degenerative back condition to his employment came from Dr. Baum in August, 1987. Claimant filed his claim for occupational disease in September, 1987.

In *Templeton v. Pope and Talbot, Inc.,* 7 Or App 119, 490 P2d 205 (1971), we considered the same question as is presented here. In determining that the claim was timely, we said:

> "The evidence taken at the time of the hearing discloses that the claimant had difficulties with his shoulder and neck for about two years prior to the time he filed his occupational disease claim on February 17, 1970. It also discloses that during this period he had been told by doctors that there was a relationship between his work and his physical difficulties. It fails to disclose any evidence that any doctor at any time prior to the filing of the claim specifically told him, simply and directly, that his condition arose out of his employment, or anything clearly to that effect."

*See also Robinson v. SAIF,* 69 Or App 534, 686 P2d 1053, *rev den* 298 Or 238 (1984). It is not enough, as employer contends, that the medical reports disclose that a claimant has a disease.

The claimant must have been informed "simply and directly" that his disease arose out of his employment.

Affirmed.