Argued and submitted July 30, reversed and remanded for reconsideration
November 5, 2003

In the Matter of the Compensation of
Curtis A. Mulford, Claimant.

WAYNE-DALTON CORP.,
and ITT Specialty Risk Services, Inc.,
*Petitioners,*

*v.*

Curtis A. MULFORD,
Wayne-Dalton Corp.,
And AIG Claim Services, Inc.,
*Respondents.*

01-01311, 01-04099; A118838

79 P3d 894

Neil W. Jones argued the cause for petitioners. With him on the brief was Sheridan Levine LLP.

Marybeth Wosko argued the cause for respondent Curtis A. Mulford. On the brief were Jacqueline M. Jacobson, and Welch, Bruun & Green.

No appearance for respondents Wayne-Dalton Corp. and AIG Claim Services.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Kistler, J., resigned.

## EDMONDS, P. J.

Employer challenges a ruling by the Workers' Compensation Board that claimant was not time barred from pursuing his claim and that his claim is therefore compensable. In this case, we review under ORS 183.482 for errors of law. We conclude that the board's ruling was based on the wrong legal standard and therefore reverse and remand to allow the board to reconsider its ruling based on the appropriate legal standard.

Claimant began working for employer in 1992. Since that time, he has worked as a welder, welding tracks for residential and commercial garage doors. Claimant asserts that his welding work required him to make a number of repetitive motions that, over time, led to the deterioration of his shoulder. Claimant filed a claim for workers' compensation benefits on January 6, 2001. Employer denied compensability. At a hearing, the administrative law judge (ALJ) ruled that claimant's claim was time barred under ORS 656.807 because one of his doctors had told him in 1995 that his work activities were the cause of his shoulder condition. On appeal, the board reversed the ALJ's decision, finding that no evidence in the record suggested that claimant's doctors had ever told him that his work activities were the cause of his shoulder condition. It ruled for claimant on the merits of his occupational disease claim.

On review, employer argues first that the board erroneously interpreted ORS 656.807(1) when it ruled that claimant's claim was timely made and that there was not substantial evidence to support the board's finding that claimant's claim was timely filed. ORS 656.807(1) provides that:

"All occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer by whichever is the *later* of the following dates:

"(a)   One year from the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease; or

"(b)   One year from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease."

(Emphasis added.)

The parties do not dispute that claimant discovered his occupational disease over a year before he filed his claim. Employer does not argue that claimant was disabled by his condition. The question, therefore, is when, within the meaning of the statute, a physician "informed" claimant that he was suffering from an occupational disease.

Claimant argues that to inform a patient that the patient has an occupational disease, a doctor must simply and directly tell the patient that he or she has an occupational disease that is caused by work activities. Employer counters:

"[t]he purpose of the statute, as set forth by its plain language, is to require notice or knowledge on the part of the claimant before the time in which to file his claim can begin to run. The statute begins to run when the later of two events occurs. First, when claimant himself knows or should know of a work relationship or, second, when a doctor tells him that there is a work relationship. Here, claimant knew of the relationship and provided a history to his attending physician that his shoulder complaints began after an injurious event in 1993 and were worsened by his work activities as a dual point welder beginning in 1995."

In its decision, the board stated that, "[i]n order for a physician to inform a claimant that he is suffering from an occupational disease under the statute, the physician must have told the claimant 'simply and directly' that his disease arose out of his employment." The board based its ruling on two of our previous decisions, *Templeton v. Pope and Talbot, Inc.*, 7 Or App 119, 490 P2d 205 (1971), and *Liberty Northwest Insurance Co. v. Meeker*, 106 Or App 411, 807 P2d 342 (1991). In *Templeton*, we considered whether a claimant had timely filed his occupational disease claim. Considering that issue, we noted that the record "fail[ed] to disclose any evidence that any doctor at any time prior to the filing of the claim specifically told him, simply and directly, that his condition arose out of his employment, or anything clearly to

that effect." 7 Or App at 120-21. We held that, in order for the statute of limitations for an occupational disease claim to begin to run, an employer or insurer "must affirmatively show that [claimant] was told * * * that [his occupational disease] was caused by or arose out of his employment." *Id.* at 121. Considering a similar set of facts in *Liberty Northwest Insurance Co.*, we said "[i]t is not enough, as employer contends, that the medical reports disclose that a claimant has a disease. The claimant must have been informed 'simply and directly' that his disease arose out of his employment." 106 Or App at 414-15.

Although seemingly instructive, the "simply and directly" language in those cases does not provide an answer to the question of what the word "informed" in the statute means. Our language merely describes a type of statement that could satisfy ORS 656.807(1)(b). More significantly, those cases were decided before *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). *PGE* is implicated here because we must determine what ORS 656.807(1)(b) means before we can adequately review the board's decision. To determine what the legislature intended the statute to mean we must first examine the text and context of ORS 656.801(1)(b). *PGE*, 317 Or at 610-12. If the text and context of a statute is clear, our analytical inquiry into legislative meaning need not proceed any further. *Id.*

*Webster's Third New Int'l Dictionary* 1160 (unabridged ed 1993), defines "inform" in this way:

> "**1** : to give information : impart knowledge ‹in theory news ~s while advertising sells—*Banking*› **2** : To give information or intelligence to a civil authority : lay information : act as a common informer ‹I shall not ~ upon you—Oscar Wilde›

> "**syn** ACQUAINT, APPRISE, ADVISE, NOTIFY, ADVERTISE : These verbs signify to make aware or cognizant (of something). INFORM implies the imparting of knowledge, esp. of facts or events necessary to the understanding of a pertinent matter[.]"

The context of the statute does nothing to persuade us that the word "informed" should not be accorded its ordinary meaning of importing information or making the listener

aware of information under the last alternative in ORS 656.807(1)(b). That means that the statute of limitations does not begin to run until a physician tells the claimant expressly or in substance that the patient is suffering from an occupational disease.[1]

The board should re-examine its ruling in light of our interpretation of the meaning of ORS 656.807(1)(b). Because we determine that the board applied the incorrect standard for determining whether claimant's claim was time barred, we do not reach employer's second assignment of error.

Reversed and remanded for reconsideration.

---

[1] ORS 656.802(1)(a) provides:

"As used in this chapter, 'occupational disease' means any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death[.]"