Argued and submitted April 21, reversed and remanded June 16, reconsideration denied July 22, petition for review denied September 3, 1980 (289 Or 588)

In the Matter of the Compensation of
McNETT,
*Petitioner,*

*v.*

ROY-LADD CONSTRUCTION COMPANY,
*Respondent.*

(No. 78-5200, CA 15548)

James L. Francesconi, Portland, argued the cause

for claimant, petitioner. With him on the brief was Doblie & Francesconi, Portland.

Dennis R. VavRosky, Portland, argued the cause for respondent. With him on the brief was Rankin, McMurry, Osburn, VavRosky & Doherty, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Claimant appeals from an order of the Workers' Compensation Board affirming denial of his claim for an occupational disease on the ground of failure to give notice to the employer within the statutory 180 day period. He assigns as errors (1) the adverse ruling on the late filing issue and (2) the failure to pay compensation for the interim period from the date he reported the claim to the date the employer denied it and award him penalties and attorney fees.

Claimant, 61, was employed for nearly 40 years as an operator of heavy equipment, including bulldozers and caterpillar tractors. On January 17, 1977, claimant saw a doctor for low back pain. On claimant's return on January 28, the doctor noted symptomatic improvement. Claimant worked on two jobs during the summer and continued to operate caterpillars. In August, 1977, claimant began to work for respondent, for whom he had previously worked, but he left in October, 1977, due to low back pain. On November 16, 1977, claimant went to his doctor again. At that time, the physician made the following entry in his medical records:

"Mr. McNett returns having sustained several bruising-type injuries to the right distal humerus during the lateral part of his recent heavy equipment operating work. *** The patient's discomfort has become so significant that he is unable at this time to operate those levers. ***

"I feel this patient's functional years as a heavy equipment operator are now behind him as he not only finds it difficult to operate a roller and caterpillar because of his back and right leg pain, but also now has the superimposed right upper extremity problem which prevents operating the levers safely. I suggested this to the patient. ***"

On January 9, 1978, the physician wrote to claimant's attorney stating in pertinent part:

"I am able to say with a reasonable degree of certainty that his years jouncing around in the

woods, etc., driving heavy equipment has contributed to his disabling back problem.

"On 11/16/77 I informed the patient I felt his functional years as a heavy equipment operator were now behind him as he now found it extremely difficult to operate even roller and caterpillar because of back and leg pain. I doubt that he can operate these vehicles safely with as much chronic discomfort as he has. The patient was informed of this."

On May 19, 1978, claimant's attorney called and informed respondent that a claim would be made for compensation for a work-related medical condition. On May 30, 1978, a claim form was submitted to respondent, and on July 5, 1978, the claim was denied. The referee affirmed the denial of the claim due to late notice to the employer. The Board on review affirmed the decision of the referee.

With respect to the first assignment, claimant contends that (1) prior to filing his claim he was never informed by his doctor that he had an occupational disease; (2) respondent failed to show prejudice resulting from the late notice, if it was late; and (3) respondent failed to raise that issue at the hearing. Claimant was certainly informed as of January, 1978, by the physician's letter to his attorney that he had an occupational disease. If we assume (without deciding) that claimant was informed as of the earlier date of November 16, 1977,[1] that would have commenced the statutory limitation period of 180 days in which to file his claim.

ORS 646.265(4) provides:

"Failure to give notice as required by this section bars a claim under ORS 656.001 to 656.794 unless:

"(a) The contributing employer or direct responsibility employer had knowledge of the injury or death, or the corporation or direct responsibility employer has not been prejudiced by failure to receive the notice; ***."

---

[1] Review of the record shows that claimant was not informed by his physician prior to his November, 1977, visit that he had an occupational disease.

In *Inkley v. Forest Fiber Products Co.,* 288 Or 337, 347, 605 P2d 1175 (1980), the Supreme Court reaffirmed that the quoted statute, relating expressly to accidental injuries, is also applicable to claims arising under the occupational disease law. Under that provision, failure to submit a written notice does not bar the claim if the employer has knowledge. The acknowledged date of the respondent's *knowledge,* May 19, 1978, occurred 184 days after November 16, 1977, the earliest date claimant could be said to have been informed by his doctor that he was suffering an occupational disease.

In *Inkley,* 288 Or at 348, the court noted that the burden of proof is on the employer to prove that it was prejudiced by untimely notice of an accident or medical condition. The court also remarked that such a rule was consistent with the principle that provision of the Workers' Compensation Law should be interpreted liberally in favor of the worker. Here, respondent's significant allegations of prejudice are: one, that earlier medical attention through the employer, which might have mitigated the severity of the claimed back condition, was not possible due to the untimely notice and, two, that investigation of the claim (*i.e.,* contacting witnesses) was hampered by the late notice, because the rate of employee turnover in heavy equipment operation business is so high. While such concerns are important, respondent overlooks the fact that claimant was statutorily entitled to give notice as late as the 180th day. Respondent has not shown that the passage of four additional days made any difference in claimant's condition, rendered investigation more difficult or otherwise prejudiced respondent. But for the late filing, according to the referee, claimant had a valid claim. The claim will be remanded to determine the compensation to which claimant is entitled.

With respect to the second assignment, ORS 656.262(2) provides that compensation shall be paid

promptly except where the right to compensation is denied, as is the case here. Claimant seeks a penalty for respondent's failure to pay compensation after notice and before the claim was denied. ORS 656.262(8) provides:

> "If the corporation or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the corporation or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

Because claimant did not raise the issue of unreasonable delay or refusal in the hearing, respondent has had no way of rebutting claimant's contention with an evidentiary showing of reasonable delay. To assess a penalty for a matter which was not raised in the hearing and on which no evidence was presented would be fundamentally unfair. *Mavis v. SAIF,* 45 Or App 1059, 609 P2d 1318 (1980); *Anderson v. West Union Village Square,* 44 Or App 685, 688, 607 P2d 196 (1980).

Reversed and remanded.