Argued and submitted November 13, 1991, affirmed July 1, 1992

In the Matter of the Compensation of
Helen M. Wilson, Claimant.

Helen M. WILSON,
*Petitioner,*

*v.*

ROSEBURG FOREST PRODUCTS,
*Respondent.*

(WCB 89-24371; CA A69711)

833 P2d 1362

Donald Hooten, Eugene, argued the cause for petitioner. On the brief were Dale C. Johnson and Malagon, Moore & Johnson, Eugene.

Richard Wm. Davis, Portland, argued the cause for respondent. On the brief were Stafford J. Hazelett and Davis & Bostwick, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, the Workers' Compensation Board upheld employer's denial, because claimant had not filed her claim on time. Claimant seeks review, and we affirm.

Claimant does not dispute the Board's findings. She worked for employer as a skoog operator, which involved light work associated with plugging knot holes in sheets of plywood. In early December, 1988, she relieved another employee on the "round table." Sometime during the shift, she felt a "burning pain" in her neck. When the pain increased, she told her supervisor about the pain and asked to be relieved. She returned then to the lighter duty as a skoog operator.

Claimant continued to work for employer at her regular job until she went on strike with other employees in January, 1989. During the four-month strike, she worked at two other lumber mills, but returned to her regular job with employer after the strike ended in April, 1989. She had periodic pain, but did not lose any time from work because of it until October, 1989. On October 2, 1989, she first sought medical attention for her neck pain. She filed an injury claim on October 4, 1989. Employer denied the claim on October 27, 1989, on the ground that it was not timely. The Board upheld that denial.

■ A claimant is required to give notice of an injury within 30 days. ORS 656.265(1). Claimant agrees that she did not file her claim on time under that statute but makes three arguments contesting the Board's ruling.

■ She first contends that, because employer did not raise the defense of untimely notice within 14 days after her claim, it is waived. She cites *Van Horn v. Jerry Jerzel, Inc.*, 66 Or App 457, 674 P2d 617, *rev den* 297 Or 82 (1984), for that proposition. At issue in that case was a penalty for failure to pay interim compensation. In the course of discussing the reasonableness of the employer's failure to pay interim compensation, we said that, if an employer begins making interim payments under ORS 656.265(4)(b), it waives the right to assert timeliness of notice as a defense. We said, in *dictum*, that, because interim payments must begin within 14 days of

notice of the injury, ORS 656.262(4)(a), "[i]f the defense is not raised within 14 days, it is waived." 66 Or App at 461.

We did not hold that the defense of timely notice must be raised within 14 days in all instances. The statement in *Van Horn* is an observation of the result when the employer began to make interim compensation payments. Under ORS 656.265(4)(b), failure of a claimant to give notice bars a claim, unless the employer has begun payments. Consequently, if the employer has not begun payments, then that statute does not apply. ORS 656.265(5), however, does apply:

> "The issue of failure to give notice must be raised at the first hearing on a claim for compensation in respect to the injury or death."

Employer raised the issue by its specific denial before the first hearing, and the issue was litigated at that hearing. Employer did not waive the defense.

■ Claimant next argues that her claim is not barred, because employer had knowledge of the injury. ORS 656.265(4)(a). She contends that, when she told her supervisor that her neck hurt and that she wanted to be put back on her lighter job, that gave employer sufficient knowledge of the "injury" to excuse the late notice.

In *Argonaut Ins. Co. v. Mock (A41801)*, 95 Or App 1, 5, 768 P2d 401, *rev den* 308 Or 79 (1989), we construed ORS 656.265(4)(a):

> "It follows that the 'knowledge of the injury' must be sufficient reasonably to meet the purposes of prompt notice of an industrial accident or injury. If an employer is aware that a worker has an injury without having any knowledge of how it occurred in relation to the employment, there is no reason for the employer to investigate or to meet its responsibilities under the Workers' Compensation Act. Actual knowledge by the employer need not include detailed elements of the occurrence necessary to determine coverage under the act. However, knowledge of the injury should include enough facts as to lead a reasonable employer to conclude that workers' compensation liability is a possibility and that further investigation is appropriate."

We agree with the Board's analysis. Claimant only told her supervisor that she was experiencing pain. She did not relate

the pain to her work or to any particular event. That was not sufficient to put employer on notice that there may have been an injurious event and certainly did not disclose that the pain might be work related.

■        Claimant's final contention is that her pain was the result of an occupational disease and the time for filing that claim began when she was first made aware of it from her physician on October 2, 1989. She contends that the Board erred as a matter of law in not addressing the merits of her occupational disease claim. She is wrong. The Board addressed the claim and concluded from the evidence that her condition was the result of an injury, not an occupational disease. There is substantial evidence to support the Board's finding.

        Affirmed.