Argued and submitted June 3, 1998, affirmed February 24, 1999

In the Matter of the Compensation of
Laurel A. Nelson, Claimant.

## ALLIED SYSTEMS CO.
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

## Laurel A. NELSON,
*Respondent.*

(96-04100; CA A99507)

975 P2d 923

Jerald P. Keene argued the cause and filed the brief for petitioners.

Linda C. Love argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## WOLLHEIM, J.

Employer seeks review of an order of the Workers' Compensation Board, asserting that the board erred in reversing the administrative law judge (ALJ) and finding that claimant's carpal tunnel syndrome is a compensable occupational disease and in assessing a 25 percent penalty for employer's alleged untimely denial of claimant's claim. We affirm, without discussion, the Board's finding that claimant's condition is work related. We write only to discuss employer's contention that the Board erred in assessing a penalty.

Claimant, who worked for employer as a secretary, first sought treatment for pain and numbness in both hands in December 1995. She told employer about the problem on December 4, 1995. On December 20, 1995, Dr. Stevens authorized modified work without typing. Employer made some efforts to accommodate that request. On Form 801, which claimant submitted on January 15, 1996, employer was required to indicate the "[d]ate employer first knew of injury or occupational disease," and employer filled in "12-04-95." On April 10, 1996, employer denied the compensability of claimant's condition. The Board found that the claim was compensable and that employer had notice of the "claim" in December 1995. The Board further found that employer offered no explanation for the untimeliness of its denial of the claim; accordingly, it assessed a penalty.

ORS 656.005(6) defines a claim as "a written request for compensation from a subject worker or someone on the worker's behalf, *or any compensable injury of which a subject employer has notice or knowledge*." (Emphasis added.) In construing the statute, our task is to discern the intent of the legislature by first examining its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The Supreme Court has said that the definition of "claim" in ORS 656.005(6) refers to two "disjunctive" events: (1) a "written request for compensation" or (2) the employer's notice or knowledge of a compensable injury. *SAIF Corp. v. Allen*, 320 Or 192, 201, 881 P2d 773 (1994). Only the employer's notice of a "claim" triggers the procedures set

forth in ORS 656.262 for acceptance, denial, and payment of benefits and for the assessment of penalties should the employer improperly process the claim. Thus arises the significance of the Board's finding that employer had notice of the claim by December 1995.

Employer asserts that the Board could not have meant that by December 1995 employer had notice of the "claim" in the sense of a written request for compensation, because claimant did not indicate in writing that she was seeking compensation until she completed Form 801 in January 1996. Further, employer argues, although employer was aware of claimant's condition as early as December 4, 1995, it did not have knowledge that the condition was work related as of that date. Therefore, it contends, it did not have notice of the claim in the second sense described in ORS 656.005(6), notice or knowledge of "a compensable injury."

The outcome of this case depends entirely on the second definition of "claim," which, in turn, incorporates the term "compensable injury." ORS 656.005(7)(a) defines a "compensable injury," in part, as "an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death[.]" That definition is applicable unless the context requires otherwise. ORS 656.003. Thus, the second type of claim described in ORS 656.005(6) is an accidental injury arising out of and in the course of the employment of which the employer has notice or knowledge.

For the purpose of the issue in this case, the incorporation of the definition of compensable injury does not lend significantly to the clarity of the statute. The text of the statute, with the definition of compensable injury, still leaves some questions to be resolved. If, as here, the employer challenges the claimant's contention that the injury is work related, then is the injury of which the employer has notice or knowledge a claim under the second definition of ORS 656.005(6)? Is an injury that is at first denied but ultimately determined through litigation to be compensable a claim under ORS 656.005(6)? The answer to both questions would be "yes," if guidance is to be taken from the Supreme Court's recent opinion in *Armstrong v. Rogue Federal Credit Union,*

328 Or 154, 969 P2d 382 (1998). There, the court considered whether an employer commits an unlawful employment practice under ORS 659.415 by denying an injured worker's demand for reinstatement during the pendency of litigation over whether the worker's injury is compensable. ORS 659.415 provides a right to reinstatement upon demand to a worker who has sustained a "compensable injury." At the time she demanded reinstatement, Armstrong's workers' compensation claim was disputed by the employer. The employer argued that reinstatement is available only to the worker whose injury is in compensable status at the time of the demand for reinstatement. The court applied to ORS 659.415 the definition of "compensable injury" in ORS 656.005(7). The court said:

> "Generally, a 'compensable injury' is an accidental injury that 'arises out of and in the course of employment.' When a worker is injured at work, the injury is a compensable injury under ORS 656.005(7)(a) from the moment of its occurrence, even if the insurer denies that the injury is compensable, and even if the administrative and judicial systems take months or years to determine the validity of the employer's denial. Nothing in the statutory definition of 'compensable injury' in ORS 656.005(7)(a) indicates that the definition refers only to an injury that the Board and the courts, after exhaustion of all legal proceedings, have determined to be work-related." 328 Or at 159.

The court held that an employer's obligation to reinstate an injured worker is not contingent on an early determination of compensability. Thus, the employer has the same obligation to offer reinstatement when the injury claim is denied as it has to offer reinstatement when the claim is accepted.

■       The quoted language from the Supreme Court's opinion lends support to the view that "compensable injury," as defined in ORS 656.005(7) and as used in ORS 656.005(6), does not mean that the injury must be known to be compensable at the time of notice of the claim and does not excuse the employer from processing as a claim an injury that it asserts is not work related. Further, the context of ORS 656.005(6) shows clearly that the existence of a claim, and the employer's obligation to process it, are not contingent on the

employer's knowledge at the time of the injury that the claim is compensable.

A claimant must give the employer notice of an injury, as required by ORS 656.265:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer, but not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2) The notice need not be in any particular form. However, it shall be in writing and shall apprise the employer when and where and how an injury has occurred to a worker. A report or statement secured from a worker, or from the doctor of the worker and signed by the worker, *concerning an accident which may involve a compensable injury* shall be considered notice from the worker and the employer shall forthwith furnish the worker a copy of any such report or statement." (Emphasis added.)

To satisfy the notice requirement, it is sufficient to provide a written report from the claimant or the claimant's doctor concerning an accident that *may* involve a compensable injury.

Despite the requirement for written notice, the 90-day period for the issuance of a notice of acceptance or denial and for the processing of the claim is also triggered by the employer's "knowledge" of the claim:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has *notice or knowledge of the claim.*" ORS 656.262(6)(a) (emphasis added).

The "notice or knowledge" language is used throughout ORS 656.262. ORS 656.262(2) provides that

"[t]he compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving *notice or knowledge of a claim*, except where the right to compensation is denied by the insurer or self-insured employer.

"(3)   Employers shall, immediately and not later than five days after *notice or knowledge of any claims or accidents which may result in a compensable injury claim*, report the same to their insurer. * * *

"(4)(a)   The first installment of temporary disability compensation shall be paid no later than the 14th day after the subject employer has *notice or knowledge of the claim*, if the attending physician authorizes the payment of temporary disability compensation."

Under subsection (3), the employer has a duty to report to its insurer any claim or accident, of which it has "notice or knowledge," that "may" result in a compensable injury claim. Subsection (4) requires payment of the first installment of temporary disability no later than the 14th day after "notice or knowledge" of the claim. Thus, all references to "notice or knowledge" in ORS 656.262 refer to notice or knowledge of the claim. There is no requirement in ORS 656.262 that the employer have knowledge that the injury itself is compensable.

If the existence of the second type of claim described in ORS 656.005(6) were contingent on the employer's knowledge of actual compensability, then much of ORS 656.262 would be superfluous. For example, if an injury is a claim only if it is compensable, then there is no need to provide an opportunity, under ORS 656.262(6)(a), for written notice of acceptance or denial of the claim within 90 days after the employer has notice or knowledge of the claim. The entire process set forth in ORS 656.262 contemplates an opportunity to establish or challenge the compensability of an injury after the filing of a claim, not as a prerequisite to it.

Further, the standard set out in ORS 656.265(4)(a) for the processing of a claim when notice of the claim is untimely is consistent with the view that the claim need not be known to be compensable to trigger the employer's processing obligation. ORS 656.265 provides, in part:

"(4)   Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and:

"(a)   *The employer had knowledge of the injury* or death * * *." (Emphasis added.)

So long as the employer had "knowledge of the injury" within the prescribed time, an untimely claim must be processed. ORS 656.265(4). We have considered what type of information an employer must know in that context and have held that the employer's knowledge of the injury

"need not include detailed elements of the occurrence necessary to determine coverage under the act. However, knowledge of the injury should include enough facts as to lead a reasonable employer to conclude that workers' compensation liability is a possibility and that further investigation is appropriate." *Argonaut Ins. Co. v. Mock (A41801)*, 95 Or App 1, 5, 768 P2d 401, *rev den* 308 Or 79 (1989).

Thus, for the purpose of determining whether a claimant may pursue an untimely claim, the question is whether, within one year of the injury, the employer had knowledge of "enough facts as to lead a reasonable employer to conclude that workers' compensation liability *is a possibility*." *Id.*; (emphasis added).

The effect of the legislature's use of the word "compensable" has come up in other contexts. ORS 656.005(8) defines compensation as "all benefits * * * provided for a *compensable* injury." (Emphasis added.) In *Jones v. Emanuel Hospital*, 280 Or 147, 570 P2d 70 (1977), the Supreme Court decided that, despite the statement in the statute that benefits are paid for injuries that are "compensable," compensation includes "interim compensation," to be paid beginning on the 14th day after notice or knowledge of the claim but before the employer has denied or accepted the claim, and interim compensation must be paid on all claims that are not yet denied or accepted, including those that are ultimately determined not to be compensable. An injury that is claimed to be work related need not be compensable in order to give rise to a right to benefits for time loss pending acceptance or denial of the claim.

We made an analogous holding in *Stanley Smith Security v. Pace*, 118 Or App 602, 848 P2d 1218, *rev den* 317

Or 272 (1993), where we considered whether interim compensation must be paid on an aggravation claim that is ultimately determined not to be compensable. ORS 656.273(6) provides that compensation

> "shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from a *compensable* worsening * * *." (Emphasis added.)

We held that, despite the statutory language requiring a "compensable" worsening, the context indicated a legislative intent that interim compensation be paid on all aggravation claims alleging an aggravation. We and the Supreme Court have thus held that in those two contexts the employer's processing obligation under ORS 656.262 is not contingent on the substantive compensability of the claim.

■ Similarly, here, we conclude that the second definition of "claim" in ORS 656.005(6) does not make the existence of a claim contingent on the employer's knowledge of actual compensability. Rather, the legislature chose to use the phrase "a compensable injury of which the employer has notice or knowledge" to draw a distinction between an injury for which a written claim for compensation had been filed and an allegedly work-related injury that the employer learns of through other means. In the latter instance, the context of ORS 656.005(6) shows that the employer's obligation to investigate or issue an acceptance or denial is triggered by notice or knowledge of an *allegedly* compensable injury.

Here, employer marked on the Form 801 that it first knew of claimant's claim for an "occupational disease" on December 4, 1995. An occupational disease is one that arises out of the employment. It is treated as an injury. ORS 656.804. Although employer may have disputed at that time that claimant's condition was work related, the Board could reasonably infer from employer's notation on the Form 801 that employer knew in December 1995 that claimant was seeking compensation for an allegedly work-related condition and thus had notice of a "claim." The Board found further that employer gave no explanation for the untimeliness of its denial. Employer does not challenge that finding.

Accordingly, we affirm the Board's determination that employer unreasonably delayed its denial of the claim.

Affirmed.