Argued and submitted September 21, 2004, affirmed June 1, 2005

In the Matter of the Compensation of
Robert D. Angus, Claimant.

SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

Robert D. ANGUS,
*Respondent.*

02-07941; A122968

112 P3d 474

Kenneth L. Kleinsmith argued the cause and filed the briefs for appellant. With him on the brief was Radler, Bohy, Replogle & Miller.

David W. Hittle argued the cause and filed the brief for respondent. With him on the brief was Swanson, Lathen, Alexander & McCann.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks review of an order of the Workers' Compensation Board, asserting that the board erred in concluding that employer knew of claimant's accident within 90 days of its occurrence and that the claimant had thereby satisfied the 90-day notice requirement under ORS 656.265(4)(a) for a timely claim.[1] We review the board's legal conclusions for errors of law, ORS 183.482(8)(a), and its findings for substantial evidence, ORS 183.482(8)(c), and affirm.

We have reviewed the record and conclude that the board's findings, which we summarize, are supported by substantial evidence. Claimant lives in West Salem and is an extra-board baker for employer. In that capacity, he is temporarily assigned to work in the bakery departments of different Safeway stores. He receives his assignments from Jacobsen, an administrative assistant in employer's district office who assigns work to claimant and three other employees. In the past, when he was ill or otherwise unable to work, claimant contacted Jacobsen so that she could find a replacement worker. Claimant sometimes contacted the manager at the store where he was assigned when he was unable to work, but he knew that the manager would then have to contact Jacobsen to find a replacement worker. He is reimbursed for mileage when he travels more than 30 miles in each direction from his residence to get to a temporary assignment and, in some cases, is paid for his travel time. Employer has a policy that requires injured workers to report on-the-job injuries to their immediate supervisor. While he was at a particular store, claimant's supervisor was the store manager.

On July 26 or 27, 2001, Jacobsen assigned claimant to work the next week at a store in Beaverton. On July 31, 2001, claimant went to work in Beaverton. On his drive home that day he was injured in a car accident that occurred several blocks from his home. The next day, claimant called Jacobsen and told her that he had been injured in an accident

---

[1] ORS 656.265(4) provides, in part, that "[f]ailure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and * * * the employer had knowledge of the injury or death[.]"

on the way home from work. He also told her that he would be unable to work as a result of the accident. At the time, neither claimant nor Jacobsen believed that claimant was eligible for workers' compensation benefits for his injuries. However, claimant filed a claim in June 2002 for the injuries.

Employer denied the claim, and claimant requested a hearing. At the hearing, employer argued to the administrative law judge (ALJ) that the claim is barred by ORS 656.265. The ALJ disagreed, determined that the claim was compensable, and awarded claimant compensation and attorney fees. Employer appealed to the board, renewing its argument that the claim is barred by ORS 656.265. The board affirmed the ALJ's order. Before us, employer again argues that the claim is barred by ORS 656.265.

■   We turn to the statute. ORS 656.265(1) provides that "[n]otice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer, but not later than 90 days after the accident." The parties agree that claimant did not give employer the notice required by ORS 656.265(1). Claimant's failure to give that notice bars his claim unless he establishes that he gave employer notice of the claim within one year of the accident and employer knew of claimant's injuries within 90 days of them. ORS 656.265(4)(a); *Keller v. SAIF*, 175 Or App 78, 82, 27 P3d 1064 (2001), *rev den*, 333 Or 260 (2002). The parties agree that claimant gave employer notice of his claim within a year of the accident but dispute whether employer knew of claimant's injuries within 90 days of them.

■   An employer knows of an injury within the meaning of ORS 656.265(4)(a) if the employer is aware of facts that would lead a reasonable employer to conclude that the injury could be compensable and that further investigation of the injury is appropriate. *Keller*, 175 Or App at 82-83; *Argonaut Ins. Co. v. Mock*, 95 Or App 1, 5, 768 P2d 401, *rev den*, 308 Or 79 (1989).

>   " 'Generally, in order that knowledge be imputed to the employer, the person receiving it must be in some supervisory or representative capacity, such as foreman, supervisor, insurance adjuster, personnel worker, corporate officer, physician or nurse. Knowledge of or notice to a mere

co[-]employee is not sufficient. *But any degree of authority that places a [person] in charge of even a small group of workers is enough to confer this representative status.'* "

*Colvin v. Industrial Indemnity*, 301 Or 743, 747, 725 P2d 356 (1986) (emphasis in original; citation omitted).

█ █    Employer first contends that Jacobsen did not know that claimant's injuries were work related and therefore employer did not know of claimant's injuries for purposes of ORS 656.265(4)(a). We note that an employer need not know that an injury is compensable in order to satisfy the requirement in ORS 656.265(4)(a) that it have knowledge of an injury. *Mock*, 95 Or App at 5. The knowledge requirement is met if the employer knew of the injury and had reason to know that it might be compensable. *Id.* Here, Jacobsen knew that claimant had been injured while driving home from work and that he would be reimbursed for mileage and possibly paid for his travel time for the commute. A reasonable employer with Jacobsen's knowledge would conclude that workers' compensation liability for the accident was a possibility and that an investigation of claimant's accident and injuries was appropriate under the circumstances.

█    Employer next contends that it did not know of claimant's injuries as required by ORS 656.265(4)(a) because Jacobsen was not claimant's supervisor and therefore was not the person to whom claimant was required to report injuries. Claimant's supervisor while he worked at a store was the manager of the store. However, employer apparently did not designate Jacobsen or anyone else as claimant's supervisor when he was not working at a store. Because Jacobsen was not designated as claimant's supervisor and she was not an individual "whose knowledge may obviously be imputed to [her] employer," the relevant question in determining if Jacobsen's knowledge should be imputed to employer is whether Jacobsen had supervisory authority over claimant. *Colvin*, 301 Or at 748. In answering that question, we consider a nonexclusive list of factors:

> "whether the person who was aware of the accident exercised supervisory authority over the claimant or others, whether the supervisory authority was of a kind as to lead a reasonable injured employe[e] to conclude that this was a

person to whom a report of injury should be made, whether there were established procedures for reporting accidents and to what extent the injured employe[e] had any knowledge concerning the employer's supervisory structure and handling of workers' compensation matters.

"The purpose of these factors is to aid in assessing the fairness of attributing knowledge of the accident to the employer. No single factor is necessarily dispositive. A company may not avoid knowledge of an injury because it is poorly organized or fails to educate its employees about their rights and obligations under the workers' compensation laws. By the same token, a claimant may not avoid the notice requirements if the company has clear procedures for reporting accidents and injuries and the employe[e] knows or should know of and is able to follow the procedures, but does not."

*Id.* at 748.

Jacobsen gave claimant and three other employees their assignments and was their contact at the district office. In assigning the employees, she exercised supervisory authority over them. Also, employer did not have a policy that required claimant to report an injury to a store manager when he was injured somewhere other than at a store. Claimant knew that he was to contact Jacobsen in the event that he was unable to work so that Jacobsen could find a replacement worker. Jacobsen knew that claimant was required to report in-store injuries to the store manager, but she did not know whether he was supposed to report off-site injuries to a store manager. In light of those facts, we conclude that Jacobsen had supervisory authority over claimant and, consequently, that it is fair to attribute Jacobsen's knowledge to employer. Hence, the board did not err in concluding that employer knew of claimant's accident under ORS 656.265(4)(a).

Affirmed.