Argued and submitted June 15, 2015, reversed and remanded October 19, 2016

In the Matter of the Compensation of
Dalia R. Lopez, Claimant.

Dalia R. LOPEZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and Oregon Child Development Coalition,
*Respondents.*

Workers' Compensation Board
1301036; A155791

388 P3d 728

Julene M. Quinn argued the cause and filed the brief for petitioner.

Beth Cupani argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## EGAN, J.

Claimant seeks review of an order of the Workers' Compensation Board, asserting that the board erred in concluding that employer did not know of claimant's claims for injuries within 90 days of their occurrence and that claimant did not satisfy the 90-day notice requirement under ORS 656.265(4)(a) for making a timely claim. In the alternative, claimant asserts that the board erred in its determination that claimant did not have good cause to file a claim after the 90-day notice requirement in accordance with ORS 656.265(4)(c).[1] We conclude on review under ORS 183.482(8) that the board did not err in concluding that the claim was untimely, because employer did not have knowledge of claimant's injury under ORS 656.265(4)(a). However, the board mistakenly applied an incorrect legal standard in determining that claimant did not have good cause to file an untimely claim under ORS 656.265(4)(c), and thereby abused its discretion. *See* ORS 183.482(8)(b)(A). Accordingly, we reverse and remand this case for reconsideration of good cause under the correct legal standard.

The board adopted and affirmed the order of the administrative law judge (ALJ) with supplementation. Claimant lives in Woodburn and worked as a Family Advocate in employer's Mulino Head Start office. She assisted pre-kindergarten students and their parents with issues of food, clothing, shelter, and health care, and she used her own vehicle to make home visits for that purpose. Claimant worked irregular hours. For example, the week of

---

[1] ORS 656.265 provides, in pertinent part:

"(1)(a) Notice of an accident resulting in an injury or death shall be given immediately by the worker or a beneficiary of the worker to the employer, but not later than 90 days after the accident. * * *

"* * * * *

"(4) Failure to give notice as required by this section bars a claim under this chapter unless *the notice is given* within one year after the date of the accident and:

"(a) The *employer had knowledge* of the injury or death; [or]

"* * * * *

"(c) The worker or beneficiaries of the worker establish that the worker had good cause for failure to give notice within 90 days after the accident."

(Emphases added.)

the injury, she left work at 6:15 p.m. on Monday, at 2:45 p.m. on Tuesday, and at 3:15 p.m. on Wednesday, the date of the injury.

On Tuesday, June 5, 2012, claimant had obtained immunization records from the parent of a Head Start student, who lives in Hubbard. Claimant was going to return the immunization records the following day. On Wednesday, June 6, 2012, claimant left work at 3:15 p.m. She was in a motor vehicle accident at 3:40 p.m., when her vehicle was struck by another vehicle on Highway 211 west of Molalla. Claimant's vehicle was completely destroyed, and she was transported from the scene by life-flight to OHSU, where she was admitted for injuries to her face, neck, shoulders, upper back, and abdomen. In her vehicle, claimant had the immunization records that she was going to return to the parent of the Head Start student and her bag, which held forms and other work supplies.

The day after the accident, while claimant was in the hospital, claimant's supervisor from another office, Swain, visited claimant for about 30 minutes. She inquired of claimant where claimant was headed at the time of the accident and claimant told her that she was headed home and that she was not on work time. Swain testified that she had no information at that time that the injury was work related.

Claimant testified that, at the time of Swain's visit, she did not remember the intended visit to the student's home and that the memory of the purpose of her trip did not return to her until September 2012, when she found paperwork documenting the intended trip in a basket that a coworker brought to her containing items from her work desk.

Within one year of the date of the accident, Swain, who had visited claimant in the hospital, completed an incident report form indicating that the incident was reported on December 18, 2012, and that the report had been delayed because claimant originally said that the accident was not on work time. On January 15, 2013, claimant completed an "Employee Incident Report Form" and filed a workers' compensation claim for injuries caused by the motor vehicle

accident. Employer denied the claim as untimely and on the basis that the injury did not arise out of or in the course of employment.

When a claimant has not given notice of a claim within the 90-day period provided in ORS 656.265(1), the timeliness of the claim under ORS 656.265(4)(a) depends on whether the employer had "knowledge of the injury" within the 90-day period. In *Argonaut Ins. v. Mock*, 95 Or App 1, 5, 768 P2d 401, *rev den*, 308 Or 79 (1989), we described "knowledge of the injury" for purposes of ORS 656.265(4) as knowledge

> "sufficient[ly] reasonabl[e] to meet the purposes of prompt notice of an industrial accident or injury. If an employer is aware that a worker has an injury without having any knowledge of how it occurred in relation to the employment, there is no reason for the employer to investigate or to meet its responsibilities under the Workers' Compensation Act. Actual knowledge by the employer need not include detailed elements of the occurrence necessary to determine coverage under the act. However, knowledge of the injury should include enough facts as to lead a reasonable employer to conclude that workers' compensation liability is a possibility and that further investigation is appropriate."

As we held in *Keller v. SAIF*, 175 Or App 78, 83, 27 P3d 1064 (2001), the required knowledge includes knowledge of fact of the injury as well as its possible relationship to the employment. The ALJ found that employer knew when and where the accident occurred but also found that employer did not have *sufficient knowledge* that claimant's accident was possibly work related.

The board adopted and affirmed the ALJ's order, reasoning similarly that claimant's statement to Swain at the hospital gave employer no reason to conclude that workers' compensation liability was a possibility. The board further concluded that claimant had not established good cause for the reporting delay because she had failed to provide medical evidence supporting her contention that she was overwhelmed and heavily medicated as a result of her severe injuries and that that had caused her to forget the intended home visit.

Claimant first argues on judicial review that, within the required 90 days, employer had legally sufficient knowledge of the injury *and the possibility of its work relatedness* to satisfy the standard set forth in ORS 656.265(4)(a). Although the knowledge of a supervisor will be imputed to the employer, *Safeway Stores, Inc. v. Angus*, 200 Or App 94, 98, 112 P3d 474 (2005), the board concluded here that what employer knew as a result of Swain's conversation with claimant would not lead a "reasonable employer [to] have concluded that workers' compensation liability was a possibility and that an investigation of claimant's accident and injuries was appropriate." We conclude that the board's order determining that the knowledge of claimant's supervisor in this case was not sufficient is supported by substantial evidence and that the board did not err in concluding that the claim was untimely.

We turn to the issue of whether claimant had "good cause" for her failure to give notice, as required by ORS 656.265(4)(c).

Claimant contended that her injuries overwhelmed her and caused her to forget the work-related purpose of her trip until she saw the paperwork in September 2012. The board did not reject that rationale out of hand as a circumstance that could provide good cause; nor did it dispute claimant's credibility. The board reasoned, simply, that claimant could only prove her contention with medical evidence:

"Reasoning that she was understandably 'forgetful and confused,' she asserts that she mistakenly believed that she was on her way home when the accident occurred. Yet, she neither offers, nor does the record contain, medical evidence that persuasively supports her contention. *Without such medical evidence, we are unable to conclude that, as a result of her injuries and or her medication, claimant had good cause for not notifying her employer of her injury claim within 90 days of her [motor vehicle accident].*"

(Emphasis added.) The board held that, in the absence of medical evidence, it was "unable to conclude" that claimant failed to timely file the claim because of her inability to remember the work-related purpose of her trip in the aftermath of the accident.

As claimant points out, the legislature has given the board the authority to determine, within statutory limits, whether a claimant has "good cause" for the failure to file a timely claim. *See Meza v. Bruce Packing Co., Inc.*, 186 Or App 452, 459, 63 P3d 1193 (2003) (explaining significance of "good cause" as used in ORS 656.319,[2] relating to timeliness of request for hearing). Our inquiry on review of the board's determination of good cause is whether the board's order falls within the range of the board's discretion. *Id*; ORS 183.482(8)(b); *see also Ogden Aviation v. Lay*, 142 Or App 469, 476, 921 P2d 1321 (1996) (reviewing board's "good cause" determination under ORS 656.319 for whether it is within the range of discretion delegated to the board).

In this case, the language of the order on review seems to imply that, as a matter of law, claimant could meet her burden only by presenting medical evidence. Contrary to the board's apparent reasoning, however, there is no requirement in ORS 656.265 that a claimant present medical evidence to support a contention that her mental state or confusion constituted "good cause" for her failure to give timely notice, or that claimant's explanation had to be verified by medical evidence. Rather, it is for the board to decide whether it is persuaded by the evidence that is in the record, whether or not that record includes medical evidence.

Because the board's order suggests that it relied on a misconception of law—that claimant could establish "good cause" in this situation *only* by presenting medical evidence—we reverse the board's order and remand for reconsideration.

Reversed and remanded.

---

[2] Under ORS 656.319, a claimant must file a request for hearing from a denial of a claim "not later than the 60th day after the mailing of the denial," or "not later than the 180th day after mailing," if "the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day * * *."